65,555-20

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

December 21st, 2015

The Honorable Abel Acosta,
Clerk
Texas Court of Crimimal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

      Ref: Cause No. 1222385-D/CCA # 65,555-20; Application for Writ of Mandamus

Dear Mr. Acosta:

Enclosed herewith please find the Original copy of Applicant Alex Melvin Wade, Jr., object to the Supplemental Record filed with the Court on December 8th, 2015 with the attacment, Affidavit of Kenneth D. Cash, Applicant Alex Melvin Wade, Jr.,'s memorandum brief on unresolved issue whether the Applicant received ineffective assistance of counsel in primary case; Applicant Alex Melvin Wade, Jr.,'s memorandum (Amended) brief insupport of the unresolved claim of ineffective Assistance of counsel and insufficieny of the evidence in the primary case, with copy of the jury instruction and jury's note thats to be filed and attached to Applicant's recently filed docket sheet from the 185th Judicial District Court printed from the Chris Daniel, Clerk's website showing the list of seven (7) pages of filing.

Please have these documents attached together and presented to the court upon submission of the file in the above entitled cause of action.

I thank you very kindly for your attention in the handling of this matter.

I await your reply as in your usual manner.

Sincerely,

Dr. Alex Melvin Wade, Jr.
Attorney of Record

cc: file

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

Dr. Alex Melvin Wade, Jr.
Pro Se
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 65,555-20

IN THE TEXAS COURT OF CRIMINAL APPEALS
STATE OF TEXAS

Re Re: Alex Melvin Wade, Jr.
Relator

====================================================================

ON APPLICATION FOR AN WRIT OF MANDAMUS
CAUSE NO. 1222385-D IN THE 185th DISTRICT COURT
FROM HARRIS COUNTY

====================================================================

APPLICANT ALEX MELVIN WADE, JR., OBJECT TO THE SUPPLEMENTAL
RECORD FILED WITH THE COURT ON DECEMBER 8th 2015

MAY IT PLEASE THIS HONORABLE COURT:

COMES NOW Alex Melvin Wade, Jr., pro se, files this his objection to the supplemental habeas record, presented by the Office of Chris Daniel, Clerk of Harris County on December 8th, 2015, in response to the order issued by this Court on November 4th, 2015 for good cause as follows:

I.

Applicant confined in Texas Department of Criminal Justice, Mark W. Stiles 3060 FM 3514, Beaumont, Texas 77705-7638, received the Clerk's "white card," December 18th, 2015 ten day after the filing of the record, that is alleged to be supplemental record consistent with the Order of this Court on 11/04/15. This objection is presented within 10 days of receipt of the white card notice of court proceedings, therefore, Applicant's objection is filed in a timely manner.

II.

Applicant's objection is based on if the supplemental record filed with this Court, is inconsistent with the copy of the docket sheet printed from

the online website of Chris Daniel, Clerk of Haaris County, Texas District Courts that consiste of seven (7) pages listing the pleadings and filing and foremore than alleged by the State's Original Answer filed November 5th, 2015. The docket sheet list all filings submitted to the Office of Chris Daniel during 19 months before the filing of Relator's Second Application for Writ of Mandamus. The list show the State's Motion Requesting Designation of issue filed 03/11/15 and signed by Judge Susan Brown on 03/12/14. Applicant intent is in the filing of this objection to the supplemental record so it can not be considered waived by Relator if in fact the record is not consistent with the docket printout of the Clerk Record in cause number 1222285-D.

Applicant's unresolved claim of "actual innocence is supported by substantive claims of prosecutional misconduct and ineffective assistance of counsel." Applicant must be provided a forum to substantiate his claim of actual innocence.

## II.

Applicant contention in objection to the supplemental record presented to this Court by the Office of Chris Daniel, Clerk on 12/08/15 not be consistent with the printout of the docket sheet will result in blatant violation of Relator's due process of law in this habeas corpus proceeding. Relator herein attaches an affidvait discovered after the conviction and was known to exist by the State's prosecution authorities and used properly by trial counsel would have compromise and impeached testimony of State key withess Michael Coulter. The testimony of Michael Coulter was false and/or in a materially misleading manner in this case. See Exhibit "A" of Capital One. Relator lower court habeas record show and direct the location that there is no complaintant supporting the actual innocence claim.

-2-

The Clerk Record filed in WR-65,555-24, CR-00036-00052, copies of exhibits that should have been used and used properly would also compromise the testimony of State's Chief Witness, Michael Coulter. The Testimony of Michael Coulter was manipulated by the Prosecutors to make it appear before the jury the draft in the amount of $285,000.00(Two Hundred Eighty Five Thousand Dollars) could not be processed. Exhibit "A" thur "S" show the drafts that were identical to State's Exhibit "I," were processed through different banking facilities. These exhibits used by competent trial could would have impeached the testimony of State's Chief Witness.

Be it noted, the complete habeas record will show where trial counsel was ineffective in his representation one of the substantive claims warranted to support Applicant/Relator actual innocence. The Court not having a complete record as Ordered by this Court in this cause of action, will result in Relator denial of due process of law.

### III.

Applicant's objection at to the claim of "actual innocence, is not cognizable absent an indepent constitutional violation in the underlying criminal proceedings that lead to this relator's conviction. State's Original Answer is not consistent with the habeas record, Relator's claim of actual innocence, based on the habeas record and not limited to the evidence presented in the habeas record in light of House v. Bell, 126 S.Ct. 2064, 2076-77(2006)(Applicant asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, it more likely than not that no reasonable juror would have found Applicant guilty beyond a reasonable doubt)(quoting Schlup v. Delo,

-3-

513 U.S. 298, 327(1995).

## IV.

Relator/Applicant believes that if he is deprived of the right to present his common habeas corpus claims include Sixth Amendment claim of ineffective assistance of counsel Strickland v. Washington, 466 U.S. 668, 687(1984), prosecutional misconduct, see, Kyles v. Whitely, 514 U.S. 419, 453(1995) (due process violated because suppressed by the prosecution of exculpatory evidence that, if disclosed, could reasonably have altered result of proceedings) see also Brady v. Maryland, 373 U.S. 83, 87(1963)(due process violated if; (1) defense requested suppressed material; (2) prosecution suppressed evidence favorable to defense upon request; and (3) evidence is material to guilt or punishment). CR-00080-00087 Counsel filed Motion adopting previous filed motions CR-00020-00022 The newly discovered evidence suppressed by the prosecution is the kind of evidence that falls within the pale of Ex Parte Adams, 768 S.W.2d 281(Tex.Crim.App. 1989). The newly discovered evidence was withheld by the prosecution office through it employees of the investigation agency.

Applicant being unable to have the entire record certified to this Court where the filing are specific as to the error and direct the Court to the errors supporting his "actual innocence," claim and not limited to Relator's substantive claims will result in denial of due process of law, if the supplemental record is not consistent with the printout of the docket sheet in cause number 1222385-D in the Office of Chris Daniel, Cler, Harris County, Texas.

Applicant's objection is based on the above being unable to be reviewed by the Court of Appeals in this cause of action.

-4-

## CONCLUSION

For the foregoing reasons, Relator Alex Melvin Wade, Jr., files this his objection to the supplemental record presented by the Office of Chris Daniel, Clerk Harris County, Texas District Courts, if not consistent with the filing listed in the printout presented to the Clerk of Court of cover sheet dated December 12th, 2015 and the same fax to that Office, respectively.

Respectfully submitted

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
8060 FM 3514
Beaumont, Texas 77705-7638

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing objection has this 21 day of December 2015 been served upon the Office of Chris Daniel, Clerk, Harris County, Texas and to the Office of Devon Anderson, District Attorney, 1201 Franklin St., 6th Fl., Houston, Texas 77002, postage prepaid.

Dr. Alex Melvin Wade, Jr.
Attorney of Record

-5-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

AMERICAN CONSULTANT, LEGAL     §
LITIGANTS, PARALEGALS,     §
PROFESSIONAL ADJUSTERS &     §
FINANCIAL BROKERS, and,     §
ALEX MELVIN WADE, JR.,     §
    §
    §     CIVIL ACTION NO. 4:10-cv-2454-001
    Plaintiffs,     §
    §
    vs.     §
    §
CAPITOL ONE, N.A.,     §
    §
    Defendant.     §

### AFFIDAVIT OF KENNETH D. CASH

STATE OF TEXAS     §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned notary, on this day personally appeared Kenneth D. Cash, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is Kenneth D. Cash. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am currently employed by Capital One, N.A. ("Capital One") as an Assistant Vice President and Senior Fraud Investigator. I am also a custodian of the records of Capital One. I am responsible for ensuring that Capital One maintains accurate and complete records of its regularly conducted activities, including investigations of drafts submitted for deposit and collection.



3. Attached to this affidavit are 7 pages of records from Capital One, identified as Exhibits A-1 through A-4. The 3 pages attached hereto as Exhibits A-1 and A-3 are true and correct copies of documents presented to Capital One for payment as insurance drafts by Alex M. Wade in April and May of 2007.

4. The 4 pages attached hereto as Exhibits A-2 and A-4, were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; were kept by Capital One in the regular course of business; and were made by the regularly conducted activity as a regular practice. The attached records, Exhibits A-2 and A-4, which are incorporated herein by reference, are exact duplicates of the original records.

5. On or about April 3, 2007, Alex M. Wade attempted to deposit into a Capital One account a document purporting to be an insurance draft dated March 5, 2007, made payable to American Consultant, an exact copy of which is attached to this affidavit as Exhibit A-1. During my investigation of this document, I determined that the document stated a different amount in written than in number form ("Two Hundred Eighty Fifty Thousand" and "285.000.00"), misspelled Capital One, N.A. as "Captial Ine Bank," identified an entity above the signature which did not match the entity identified as the issuer, bore a signature for the issuer that matched the signature of the payee/depositor, contained restrictive instructions on the back and that there was no remitting bank identified on the face of the document. The document was sent for collection and returned. For these reasons, Capital One determined that the document was not a legitimate draft and confirmed that with the insurance company identified in the document.

6. On or about May 30, 2007, Alex M. Wade attempted to deposit into his Capital One checking account a document purporting to be an insurance draft dated May 28, 2007, made

payable to him in the amount of $7,922.00, an exact copy of which is attached to this affidavit as Exhibit A-3. During the processing of this $7,922.00 document, I determined that the entity identified above the signature did not match the entity identified as the issuer, that the signature for the issuer matched the signature of the payee/depositor, that it contained unclear and restrictive release language on the reverse and that there was no remitting bank identified on the face of the document. For these reasons, Capital One could not process for collection the $7,922.00 document as a draft, and Capital One determined that the document was not a legitimate draft and confirmed that with the insurance company identified in the document."



Kenneth D. Cash

SWORN TO and SUBSCRIBED before me by Kenneth D. Cash on October 26, 2010.

Notary Public

5902396v.4

JESSICA L VILLALOBOS
Notary Public
STATE OF TEXAS
My Comm. Exp. September 29, 2012

# External Fraud Inv. Case Report

## Case ID: 2007002887

WADE,A-Check Fraud

| | | | |
|---|---|---|---|
| Date Opened: | 5/24/2007 | SAR Status: | SAR Filed 5/24/2007 |
| DateClosed: | 5/24/2007 | External Investigato | 108 |
| Priority: | Medium | External Investigato | Ken D Cash |
| Status: | CSP-Closed/SAR Filed with Police | Shared Investigator ID: | |
| Resolution: | Not Related to Identity | Shared Investigator | |
| Manager Closed | No | | |
| Loss Branch ID: | 42709 | Exposure | $285.000.00 |
| Loss Cost Center: | | Prevented: | $285.000.00 |
| Loss Branch Location: | HSN-HCO-RESECH WDLNDS BUS BNKG | Proc Prevent: | $0.00 |
| | 2404 Research Forest Dr. | Proc Recovery: | |
| | Woodlands TX | Inv Risk: | |
| | | Inv Recovery: | $0.00 |
| Legal Entity: | Capital One | Net Loss: | $0.00 |
| Category: | 12 Check Fraud | Settlements: | $0.00 |
| SubCategory: | Not On Us Counterfeit | NLAS: | $0.00 |
| Type: | External | BSA Amount: | $0.00 |

## Lost or Stolen Items

| | | | |
|---|---|---|---|
| When Lost: | | Address Lost: | |
| # of Items Lost: | 0 | PIN With Card | No |
| Check Numbers Starting | 0 | PIN Revealed: | No |
| Ending Check Number: | 0 | Other Used: | No |
| Other Missing Items: | | New Account # | |

**Case Closing Notes**    Customer presented "Insurance Draft" in the amount of $285.000.00 for collection. Upon verification, it was discovered that the check was counterfeit.

**Executive Summary**    This case will be referred to the Pasadena Police Department, Sgt. Sherman - 713-475-7899.



CAPITAL ONE
EXHIBIT A2

# External Fraud Inv. Case Summary

Case ID    2007002887

WADE,A-Check Fraud

*24-May-07*

## HOW DISCOVERED

Capital One Branch Sales Manager (East Spring Branch, Spring, Texas) notified External Fraud Investigations of suspected fraudulent activity on Capital One Research Forest Branch (The Woodlands. Texas) banking customer American Consultant Legal Litigants, (signer Alex M. Wade) account # 3801609774 (opened 03/15/2006), discovered by Mr. Coulter.

## SUMMARY OF FACTS

Investigation revealed that Mr. Wade visited the East Spring Branch of Capital One to complete a Capital One Collection Receipt and Agreement for an insurance draft that he wanted collected. Mr. Wade signed the agreement and left a Capital One deposit slip and the insurance draft for collection by the bank. The following item was presented.

| Date | Date of Draft | Item Type | Draft # | Amount | Account Title | Payee |
|------|---------------|-----------|---------|--------|---------------|-------|
| 4/03/07 | 3/05/07 | Insurance Draft | 1016-DAW | $285,000.00 | Tudor Insurance Company | American Consultant |

The item was sent for collection and returned. The insurance draft was reviewed and it was recognized that the numeric amount was $285,000.00 and the written amount was "Two Hundred Eighty Fifty Thousand". He further recognized that the drafting instructions on the back of draft had misspelled Capital One Bank. The bank name was spelled "Capital Ine Bank" and that the instructions also showed restrictive instructions on the draft, which could not be verified. Additionally, Mr. Coulter recognized that there was not a "remitting bank" on the draft.

Investigator received a telephone call from Capital One Legal Department on 04/22/2007 stating that Mr Wade was inquiring to the reason for non payment. Investigator explained that the check had been verified with the Tudor Insurance Company, Eitan Price at 201-847-2887 and the draft had been verified as counterfeit by Mr. Price.

## STATUS OF ACCOUNT/CASE

The customer's account is in the process of being closed and Capital One will not suffer a loss on this account. This case will be referred to SGT. Sherman (713-475-7899) of the Pasadena Police Department, Pasadena, Texas per his request. A Suspicious Activity Report (SAR) will be sent to the Financial Crimes Enforcement Network (FinCEN).

## CONTROL DEFICIENCIES/PERSONNEL ACTION TAKEN

There were not any control deficiencies.

2/

# External Fraud Inv. Check Fraud Incident Report

*5/24/2007*

| | | | |
|---|---|---|---|
| External Inv | | Ken D Cash | Case ID: | 2007002887 |
| Category: | 12 | Check Fraud | | WADE,A-Check Fraud |
| | | Not On Us Counterfeit | | |

---

## 41710-HSN-EAST SPRING RTL BNKG (1)

DateOccurred: 4/3/2007
TimeOccurred:
Location ID: 41710
Location: HSN-EAST SPRING RTL BNK
Jurisdiction:

Bank Dept:
Loss Branch ID: 42709
Loss Location: HSN-HCO-RESECH WDLNDS
Loss Cost Center:

Presented Date 4/3/2007
Time
Item Date 3/5/2007
Location 41710
    HSN-EAST SPRING RTL BNKG

**Fraud Method**

| | |
|---|---|
| Check Type | Business - Draft |
| Bank Title | Endorser |
| Check # | 1016-DAW |
| Acct # | Insurance Draft |
| Bank of Account | Tudor Insurance company |
| Item Amount | $285,000.00 |
| Loss | $0.00 |
| Prevent | $285,000.00 |
| Recovered | $0.00 |
| Payee | AMERICAN CONSULTAN |
| Suspect | ALEX M WADE |
| Maker | TUDOR INSURANCE CO |
| Endorser | ALEX M WADE |

Exposure $285,000.00
Prevented: $285,000.00

Net Loss: $0.00

How Discovered Employee Detected
Policy Violation
  No Violation

**Incident Factors**

| | |
|---|---|
| New Account | O |
| Over The Counter | O |
| Transit | |
| Via ATM | |
| Client Security/Procedure | |
| Bank Procedure | |
| Improper/No Hold | |
| Direct Bank | |
| Internet Banking | |

Touch Signature
Photo Available

**Teller Number, First, Last Name**

MICHAEL
COULTER

22

FROM : CURRENT CUTS
Wednesday, May 10, 2007 4:54 PM     FAX NO. : 713-6577255     May 11 2010 02:13PM P2



# COLLECTION RECEIPT AND AGREEMENT

REGION: HOU          BRANCH/DEPT: EAST SPRING          COST CENTER: 41710

PROCESSED BY: _____          BRANCH PHONE: (713) 348-5675

CUSTOMER NAME: ARTHUR O MACK          BRANCH ACCOUNT: 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

ADDRESS: 3 LINDELL          CUSTOMER PHONE: (281) 207-0178

SPRING TX 7737_

AMOUNT OF COLLECTION ITEMS: $20.00          NUMBER OF ITEMS: 1

AMOUNT OF FEE: $20.00

SEND ALL FOREIGN COLLECTIONS TO NO INTERNATIONAL DEPARTMENT COLLECTIONS.
SEND THE FOLLOWING ITEMS TO HOU DOMESTIC COLLECTIONS:

- ☐ COUPON(S)
- ☐ SIGHT DRAFT
- ☑ TIME DRAFT
- ☐ AUTOMOBILE DRAFT
- ☐ BOND DRAFT
- ☐ DRAFT PAYABLE THROUGH CAPITAL ONE NA
- ☑ OTHER
- ☐ REGISTERED BOND(S)
- ☐ STOCK
- ☐ BALANCE OF ACCOUNT
- ☐ SECURITIES

BOND NUMBERS: _____          CUSIP #: _____

BOND DESCRIPTION AND LAST COUPON ATTACHED
INSTRUCTIONS FOR DISPOSITION OF PROCEEDS:
- ☐ MAIL CASHIER'S CHECK
- ☐ SEND CASHIER'S CHECK TO BRANCH OF ORIGIN
- ☐ LOT NUMBER
- ☐ DEPOSIT TO ACCOUNT
TYPE: _____

ADDITIONAL INSTRUCTIONS: _____

AUTHORIZED SIGNATURE _____          DATE _____

THE UNDERSIGNED UNDERSTANDS AND AGREES THAT THE ITEM(S) DESCRIBED ABOVE HAVE BEEN...

Z "1"

FROM : CURRENT CUTS                    FAX NO. : 713-697-7255                    May. 11 2010 02:12PM P1

Wednesday, May 16, 2007 4:54 PM        Dr. Ann Marie Wade Jr 832-205-2027                        P.12

**Dr. Alex Melvin Wade, Jr.**
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 1222385-D

| | | |
|---|---|---|
| Ex Parte Alex Melvin Wade, Jr., | § | IN THE 185th JUDICIAL DISTRICT COUT |
| Applicant. | § | |
| | § | OF |
| | § | |
| | § | HARRIS COUNTY, T E X A S |

APPLICANT ALEX MELVIN WADE, JR.,'S MEMORANDUM BRIEF ON UNRESOLVED ISSUE WHETHER THE APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PRIMARY CASE

### FACTS OF THE ISSUE REGARDING DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Before continuing, Applicant reinerate, Counsel for Applicant elicited from State's Chief Witness, Eiten Price, Claim consultant of Western World Insurance Group, there was no complaint filed by Western World Insurance Group as alleged in the indictment. CR 0003. Testimony provided by Eiten Price, it was not Western World Insurance Group that filed the complaint. Vol. 2, pg 23 lns 13-24. Lawrence Cerf, Attorney At Law failure to file a motion to dismiss the indictment and/or motion for a directed verdict, which he would have received, is nothing less than the denial of effective assistance of counsel at critical stage of the proceeding. In light of Guyton v. State, 732 SW 2d 724 the motion would have been granted.

Counsel misconduct at the critical stage of the proceeding prejudice Applicant in the receipt of a fair and impartial trial.

Counsel did not meet the burden as a effective trial counsel for Applicant the result is that of ineffective assistance of counsel. See, **Strickland v Washington**, 466 U.S. 668(1984).

Lawrence Cerf, Attorney At Law failed to allow exculpatory evidence into the trial which deprived Applicant of evidence that would have impeached State's witness during cross examination that would refute testimony that prejudice Applicant during the trial. ( CR 00132)

The evidence State's Exhibit 17 of 19 held by the State as 404 evidence of alleged wrong conduct. ( CR pp. 31-57) The evidence would have shown the 17 commericial items of Applicant was processed and the testimony of State's Witness, Michael Coulter, Capital One Bank Manager was false, manipalates by the State in direct examination of the witness. Further, State's Exhibit "2", the alleged deposit slip of Applicant is false and knowingly false evidence, allowed go uncorrected by the State cause Applicant be prejudice before the jury. Trial Counsel's lack of investigation as to the exculpatory evidence that he was aware of, that was part of indictment 1116862 and should been used to impeach State's Chief Witness, Michael Coulter on cross examination was deprived of by his own trial attorney, Lawrence Cerf, during and throughout the trial.. Byrant v. Scott, 28 F.3d 1411(5th Cir. 1994); Nealy v. Cabana, 764 F.2d 1173(5th Cir. 1983) see also, Butler v. State, 716 S.W.2d 48(Tex.Crim.App. 1986). Lawrence Cerf, Attorney At Law's acts alleged by Applicant are not allegation of first impression.

Lawrence Cerf, Attorney At Law failed to do an adequate pre-trial investigation as to interviewing of witnesses. Cerf failed to interview witnessess of Bank of America, N.A., that would have been impeachment evidence of State's Witness Michael Coulter, regarding the processing of commericial paper process that State's Exhibit 17-19, was in fact identical to State'sw Exhibit "1" used in the trial. The items presented to Bank of America, N.A. had been

-2-

processed and credited to the account of American Consultant Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers and the account of Dr. Alex Melvin Wade, Jr., under Social Security number 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.

Lawrence Cerf, Attorney At Law was paid $650.00(Six Hundred Fifty Dollars) for the purpose of subpenoaing 10 defense witness. The witness Jimmy Brown, Attorney At Law, would have testified as an expert witness concerning insuranc draft and how bank's normally process to item for collection. Jimmy Brown, Attorney At Law, would have provided testimony as to the different between insurance drafts and bank drafts. The testimony would have impeached the testimony to State's Chief Witness Michael Coluter, Manager of Capital One, N.A., and provided credibility to the conduct of Applicant as to the deposit of Starte's Exhibit "1"., the evidence would have cause the outcome of the proceeding to be different. Ex Parte Guzmon, 730 S.W.2s 724(Tex.Crim.App. 1978).

Lawrence Cerf, Attorney At Law subpenoaed Federal Deposit Insurance Corporation (FDIC) personnel to testify , when if investigating the matter would have known that he could not have subpenoaed FDIC personnel but could have subpenoaed, Bank of America, N.A.,'s personnel whom testimony would have been the item, that is identical to State's Exhibit "1", could have been processed through normal banking procedure and that Bank of America, N.A., had previously accepted and process items identical, with the exception of the amount through it's collection departments.

However, Cerf Would have discovered, FDIC could not have been subpenoaed because it was not a party to the litigation.

-3-

Therefore, it is clear, Cerf's failure to interview witnessess whether prosecution witnessess and/or defense's witnessess resulted in defective counsel. See, Byrant v. Scott, supra, Ex parte Duffy, 607 S.W.2d 632(tex. Crim.App. 1980).

Lawrence Cerf, Attorney At Law failed to subpenoa court proceedings and trial filing in Alex Melvin Wade, Jr., v. Dominion At Woodlands, filed in Montgomery County District Court clerk office and evidence was necessary in this proceeding. Testimony of State's Witness, Eitan Price, Applicant did in fact file as mandated by State's Chief Witness normal filing in the proceeding as if an attorney at law, even though Applicant was acting pro se in the handling of the lawsuit. (Vol. 2 of 2, pp. 4-27)

It appears that Cerf's trial defense was that of a text book defense, and was and is recognized by the Court of Appeal. See, Gibson v. State, 634 S.W.2d 700. However, since Cerf was unaware of the defense put before the jury, of not mere perparation, also established a defense of legally insufficiency of the evidence.

Cerf failed to request jury instruction based the defense put before the jury. The law guided by the Defense would have mandated a motion to dismiss the indictment and a directed verdict of not guilty be entered. Cerf's failure to request the jury instruction applicable to the defense, not limited to a jury instruction, requesting a "reasonable doubt instruction," an instrument on mere perparation instruction and on an instruction regarding defendant not testifying and a instruction adequate and should have been part of two part jury instruction provided to the jury and appears to be an instruction of a directed verdict of guilty.

-4-

The Court record of **Alex Melvin Wade, Jr., v Dominion At Woodland,** would entitle Applicant to an instruction of the "right to claim," recognized by Judge Brown, the Defense put on by Cerf, Judge Brown acknowledge the same and would have granted an instruction in that regards.

> **Mr. Cerf:** Okay, All right then,
> **THE COURT:** I'm not going to let that happen.
> But Counsel, what I think the difficulty is, based on the testimony that you elicited and fact these are drawn on Western World, is that he did this - - my understanding of what you are trying to prove is that this is merely a request.
>
> **MR CERF:** I'm sorry
> **THE COURT:** Right isn't that your defense?
> **MR CERF:** (Nods head affirmatively.)
> **THE COURT:** Okay. My undestanding of your defense is that this was his way of settling his lawsuit with Western World, Is that right?
> **MR CERF:** Yes, Judge.
> (Vol. 2 pp. 938, CR 00333-34)

In support of Cerf's defense, State's Chief Witness agreed. (Vol 2, pg 37 (CR 00337)

> Q. And it would be fair to say this, that Mr. Wade conducted this claim in an orthodox way.
>
> A. I would say so.

Cerf should have moved at that point, a critical stage of the proceeding for a dismissal of the indictment. Applicant conduct was not criminal and that alleged in the indictment contending the complainant is Western World Insurance Group, the burden was not met.

The State failed to prove the essential element of the indictment that the named complainant, Western World Insurance Group, the complainant is lacking in evidence.

### STANDARD OF REVIEW

The Sixth Amendment guarantees the right to effective assistance of

-5-

counsel in a criminal prosecutions. Before continuing, Lawrence Cerf, Attorney At Law was retained counsel. The right to effective assistance of counsel applies to both retained and appointed. See, Cuyler v. Sullivan, 446 U.S. 335, 344-45(1980)

In Strickland v. Washington, 466 U.S. 668(1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. at 690. To obtain reveral of a conviction under Strickland standard, the Defendant must prove that counsel's performance fell below an objective standard of reasonableness. See, Granados v. Quarterman, 455 F.3d 529, 534(5th Cir. 2006), and that counsel's deficient performance prejudice the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.

Applicant adds hereto, Lawrence Cerf failed to object to the Court sentencing in using the 30 year old conviction as the twoparagraphs, in the indictment. CR 0003. (see also, Glover v. U.S., 531 U.S. 198, 204(2001)) A Defendant in presenting evidence satisfactory whether counsel's performance was ineffective under Strickland, a court must consider the totality of the circumstances.

In Texas the effectiveness of counsel is ordinarily guaged by totality of the representation, but a single error, is sufficient egregious, can constitute ineffective assistance. See, Felton, Ex Parte, 815 S.W.2d 812(Tex. Crim.App. 1981). Applicant filed a motion for new trial, alleges allegations identical to allegations alleged herein the application for writ of habeas corpus. CR 02/27/10 00140 and 03/12/10 CR 00219 motion for New trial filed. Cerf abandoned Applicant prior to the filing of Motion for New trial and of a timely filing of "notice of appeal," when he knew Applicant wanted to file a notice of appeal. See, Roe- v. Flores-Ortega, 528 U.S. 470, 483-84 (2000).

-6-

Under the strong presumption that counsel's stragery and tactics fall "within the wide ranhge of reasonableness and professional assistance. In Smith v. Dretke, 417 F.3d 438, 4412(5th Cir. 2005)(counsel's failure to introduce certain evidence was unreasonable stratergy because he did so based on a misapprehension of the law.)

Interpreting the prejudice prong, the supreme Court has identified a narrow category of cases, where Applicant's allegation fall neatly into the category which prejudice is presuimed.

In Cronic v. U.S., 466 U.S. 648, 659(1984)(prejudice presumed where "counsel action when burdened by conflict of interest, or where there are various kinds of state interference with counsel's assistance.) Strickland, 466 U.S. at 692.

However, it is the duty of the Court to inquire further to determine whether counsel's ineffectiveness "deprived[d]" the defendant of substances or procedural right to which the law entitles him.[1]

_____

1. **Glover v. U.S.,** 531 U.S. 198, 202-04(2001). In **Glover,** the Court explainned that the outcome-based prejudice inquiry setforth in **Strickland** should be applied in most cases. See id at 203. The Court reversed the Seventh Circuit's determination that a 6-month sentence increase in petitioner's sentence, allegedly cause by the defective preformance of defense's counsel, could not be considered prejudicial because the increase was not sufficiently significant to render the defendant's trial fundamentally unfair. see id. The Court stated, Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurispurence suggests that any amount of actual jail time has Sixth Amendment significance." id. In arriving at this conclusion, the court made clear that **Lockhart v. Fretwell,** 506 U.S. 364(1993) is applicable in only limited circumstances. see id. at 202.

In concluding, similarly, in the context of a procedurally defaulted appeal, cause by Counsel, a defendant can satify the prejudice prong by demonstrating that there is reasonable probability that, but for counsel deficient failure to consult the defendant about an appeal, defendant would have timely filed an appeal. See, **Flores-Ortega**, 528 U.S. at 480(2001). Lawrence Cerf, Attorney At Law, representing Applicant at trial abandoned Applicant just two days after the conviction.

## CONCLUSION

The foregoing reasons, Applicant Alex Melvin Wade, Jr., prays this Honorable Court set this matter for an evidentiary hearing on the unresolved issue as to the denial of effective assistance of counsel and upon the hearing, Applicant allegationsare found to be true. Issue its Order re-commending Applicant's Application for Writ of Habeas Corpus be in all things granted.

There is no Order attached hereto because it has been the understanding of the pro se litigant, in matters of this sort. This Honorable Court traditionally writes its own. Thus, the Rules requirement in this regards asked be waived.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

### CERTIFICATE OF SERVICE

I Dr. Alex Melvin wade, jr., has served a copy of this memorandum brief upon the office of the Honorabe Devon Anderson, District Attorney, harris County, Texas 1201 Franklin Street, 6th Fl., Houston, Texas 77002, postage pre-paid to the attention of Andrew Smith, assistant District Attorney, Respectively. this done on this _____ day of may 2015.

Dr. Alex Melvin Wade, Jr.
Pro Se

-8-

Dr. Alex Melvin Wade, Jr.
Paralegal Specailsit
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## Cause No.: 1222385-D

| | | |
|---|---|---|
| Ex Parte Alex Melvin Wade, Jr., | § | IN THE 185th JUDICIAL DISTRICT COURT |
| Applicant, | § | OF |
| | § | |
| | § | HARRIS COUNTY, T E X A S |

### APPLICANT ALEX MELVIN WADE, JR.,'S AMENDED MEMORANDUM IN SUPPORT OF THE UNRESOLVED CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AND INSUFFICIENCY OF THE EVIDENCE IN THE PRIMARY CASE

MAY IT PLEASE THE COURT:

This Court should reject the reasonable doubt instruction given to the jury because the instruction required submission of a jury instruction on "reasonable doubt," in a criminal case are not the instruction submitted to the jury in this criminal proceeding. (See Attachment, Jury Instruction submitted to the jury in this criminal case.)

A jury convicted Applicant of attempted theft of over $200,000.00. This Applicant submit a copy of the instruction submitted to the jury and should find that the analytical construct distorted the meaning of "proof beyond a reasonable doubt" and continued to improperly imply that circumstantial and direct evidence were inherently different. As a result this Court the 185th Judicial District Court, Harris County, Texas, did not adopt the definitional instruction on "reasonable doubt" and with limited prospectivity required that the instruction be submitted to the jury in all criminal cases even in the absence of Applicant objection or request by the State or the defendant. (Applicabant contention is he was denied effective assistance of trial counsel, Lawrence Cerf)

A.

The sufficiency of the evidence must be measured against the jury charge. Given the fact that a jury is to be guided by the charge in reaching their verdict, and given the fact that juries are no longer instructed on the law of circumstantial evidence, it no longer makes sense for appellate courts to use the circumstantial evidence "construct" to review the jurors acted "rationally." (See, attached note to the Court, 00132) To do so evaluates the jurors' rationally by different standard than that by which they were instructed to reach their verdict.

## B.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to inference of guilt at trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.(See, Note for Judge, requesting the statement of Michael Coulter, which has been proven prejuried testimony)

II. Definitional Instruction on "Reasonable Doubt"

Whether this habeas court agrees or disagrees with the **Hawkins v. State,** 646 S.W.2d 191(Tex.Cr.App. 1983)(Opinion on rehearing). It was explained in Hawkins that discontinuances was justisfied by the reasoning and holding of **Holland v. United States,** 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150(1954) a tax evasion case involving the net worth method of proof. **Hawkins,** 646

-2-

S.W.2d at 197. In **Holland,** the Supreme Court held thatwhere the trial court charged the jury on the elements of the offense, the presumtion of innocence, the government's burden of proof beyond a reasonable doubt(which included a full definition of reasonable doubt), the length and nature of the net worth method of proof and the character of circumstantial evidence in general, it was not necessary for the trial court to add to the charge that because the proof was circumstanial evidence, the Government must exclude every other reasonable hypothesis than the guilt of the defendant.

However, in re-examining the two Supreme Court cases which presaged **Harwins-**The **Holland** and **Jackosn** decisions - it is evident that both cases implicated the requirement of a full definitional instruction to the jury on reasonable doubt as recognized by Judge Onion, Clinton, and Miller in their individual opionions in the **Hawkins** case. See n. 4, supra at p. 5. As Judge Clinton succinctly put it, "the accused is stripped of the benefit of a charge on circumstantial evidence and then loses the protection of a definition on reasonable doubt." **Hawkins,** 646 S.W.2d at 219

In his dissent in **Hawkims,** Judge Miller suggested a charge on reasonable doubt in the terms spoken of in **Holland,** "the kind of doubt that would make a person hesitate to act." 11 **Hawkins,** 646 S.W.2s at 201, n.3See, **Geesa v. State,** 820 S.W.2d 154(Tex.Crim.App. 1991) at 162(J. Miller, concurring in part, and dissenting in part). See **Holland v. U.S.,** 348 U.S. at 140. The following defintional instruction on reasonable doubt combines the provision of Section 2.01, V.T.C.A., Penal Code, and instructions used in the federal system:

-3-

(1) All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence along is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

(2) The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

(3) It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

(4) A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

(5) Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

(6) In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and thse instructions, you will acquit him and say by your verdict "Not Guilty"

See, e.g., 1 E. Devitt & Blackmar, Federal Jury Practice and instructions § 11.14; Pattern Jury Instruction - 5th Circuit United Court of Appeals 1988; P. McClung, Jury Charges for Criminal Practice, at p. 6(1990)

Applicant expressly contends the Judge did not adopt this instruction on "reasonable doubt" and contends that this instruction should have been submiited to the jury in the criminal case, even in the absence of an objection or request by the State or the Defendant's trial Counsel, in this case, Lawrence Cerf, whether the evidence be circumstantial or direct. 820 S.W.2d 163 However, because the jury was not instructed in accordance with

-4-

the second part of **Geese,** holding of that court, requiring a full definitional instruction on reasonable doubt, the habeas court should enter an order recommending the writ of habeas corpus be in all things granted.

## CONCLUSION

WHEREFORE, Applicant Alex Melvin Wade, Jr., prays this Honorable Court in the interest of justice issue an order recommending the writ of habeas corpus herein be granted, respectively.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.,
Paralegal Specailist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing memorandum and its attachments has this _____ day of May 2015, been served upon the Office of the Honorable Devon Andserson, District Attorney, Harris county, Texas 1201 Franklin Street, 6th Fl., c/o Andrew Smith, Assistant District Attorney, Harris County, Texas, Houston, Texas 77002, postage paid upon depositing of the same in the Prison's mailbox, Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705-7638.

Dr. Alex Melvin Wade, Jr.
Attorney of Record

-5-

CAUSE NO. 1222385

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 185TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| ALEX WADE | § | FEBRUARY TERM, A. D., 2010 |

Members of the Jury:

The defendant, Alex Wade, stands charged by indictment with the offense of attempted theft of money of the value of more than two hundred thousand dollars, alleged to have been committed in Harris County, Texas, pursuant to one scheme or continuing course of conduct, on or about the 3rd day of April, 2007. The defendant has pleaded not guilty.

Our law provides that a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

Appropriation of property is unlawful if it is without the owner's effective consent.

"Appropriate" means to acquire or otherwise exercise control over property other than real property.

"Property" means tangible or intangible personal property including anything severed from the land, or a document, including money, that represents or embodies anything of value.

ATTACHMENT JURY INSTRUCTION

00122

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant.

"Possession" means actual care, custody, control, or management of the property.

"Effective Consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of April, 2007, in Harris County, Texas, the defendant, Alex Wade, did then and there unlawfully, pursuant to one scheme or continuing course of conduct, intentionally, with the specific intent to commit the offense of theft of money of the value of more than $200,000 (two hundred thousand dollars), owned by Western World Insurance Group, do an act, to-wit: present for payment purported insurance drafts that were not issued by Western World Insurance Group, namely: presenting drafts number 1016, attached hereto as State's Exhibit

1, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended, then you will find the defendant guilty of attempted theft of money of the value of more than two hundred thousand dollars, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

00124

CAUSE NUMBER _____

| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| VS. | X | HARRIS COUNTY, TEXAS |
| Alex Wade | X | 185th JUDICIAL DISTRICT |

## NOTE

The statment of M. Coulter back
maryemen of Capital One

_John Richard Jr._
FOREMAN OF THE JURY

## COURTS ANSWER

**FILED**
Loren Jackson
District Clerk

FEB 02 2010

Time: _____ Harris County, Texas
By _____ Deputy

**NOTE TO THE JUDGE FROM JURY**

SUSAN BROWN, JUDGE
185th DISTRICT COURT
HARRIS COUNTY, TEXAS

EX. "T"

00132